UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
HEMDA GREENFELD
on behalf of herself and
all other similarly situated consumers

                              Plaintiff,


              -against-


GC SERVICES LIMITED PARTNERSHIP

                              Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Hemda Greenfeld seeks redress for the illegal practices of GC Services Limited

      Partnership concerning the collection of debts, in violation of the Fair Debt Collection

      Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is citizen of the State of New York who resides within this District.

3.    Plaintiff is consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that

      the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

      Houston, Texas.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

      1692(a)(6).

*Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Hemda Greenfeld*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

11.   The following is an example of one such message, left for the Plaintiff on or about January 26, 2016:

"*Hi Hemda Greenfeld, this is Selena Florez, please give me a callback, 800 652-7681.*"

12.   The callers failed to identify themselves as debt collectors attempting to collect a debt.

13.   In addition, the callers failed to state their company's legal name.

14.   Upon information and belief, the said messages were either pre-scripted and or pre-recorded.

15.   Defendant has engaged in a pattern of leaving messages without disclosing its legal name or that the communication is from a debt collector.

16.   The said telephone messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector and for not meaningfully disclosing the caller's identity which constitutes a deceptive practice.

17.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

Defendant.

18. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

19. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

20. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

21. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

22. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

23. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

24. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

25. As an actual and proximate result of the acts and omissions of GC Services Limited Partnership, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be

compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

26.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty five (25) as if set forth fully in this cause of action.

27.   This cause of action is brought on behalf of Plaintiff and the members of a class.

28.   The class consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed without setting forth that the communication was from a debt collector; and (b) without meaningful disclosure of the caller's identity; and (c) the Plaintiff asserts that the telephone messages were in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11).

29.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 5, 2017


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)